IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. SIMONIAN, ) | |
| ) | |
| Relator, ) | No. 10 C 1224 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| ORECK CORPORATION, ORECK DIRECT, ) | |
| LLC, and ORECK HOMECARE, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Relator Thomas A. Simonian has brought this *qui tam* action against Oreck Corporation, Oreck Direct, LLC, and Oreck Homecare, LLC ("defendants") for false patent marking under 35 USC §292. Defendants have moved to dismiss Simonian's claim for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or, in the alternative, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, defendants' motion to dismiss is denied.

**BACKGROUND**

Simonian has alleged that defendants have violated 35 USC §292 by affixing certain of its vacuum cleaners (including, but not limited to, the Oreck XL Classic Power Team vacuum cleaner) with United States Patent Number 4,219,902 ("the '902 Patent") and United States Patent Number 5,016,315 ("the '315 Patent"). Simonian further alleges that the '902 Patent expired on February 9, 1999 and the '315 Patent expired on November 24, 2007. Since the expirations of these patents, defendants have allegedly continued to manufacture and market these "falsely marked" vacuum cleaners around the United States. Consequently, Simonian has

brought this action for violations of 35 U.S.C. §292[1] on behalf of the United States Government as a *qui tam* relator.[2] Simonian seeks $500 for each falsely marked product, half of which would be paid to the United States Government.

## DISCUSSION

**A.     Legal Standards**

Under Rule 12(b)(1), a court must dismiss any action for which it lacks subject matter jurisdiction. Rule 12(b)(1) motions are premised on either facial or factual attacks on jurisdiction. *Villasenor v. Industrial Wire & Cable, Inc.*, 929 F. Supp. 310, 311 (N.D. Ill. 1996). If the defendant makes a factual attack on the plaintiff's assertion of subject matter jurisdiction, it is proper for the court to look beyond the jurisdictional allegations in the complaint and to view whatever evidence has been submitted in response to the motion. *Id*. at 312. To withstand such a motion, the plaintiff must put forth "'competent proof'" that the court has subject matter jurisdiction. *NLFC, Inc. v. Devcom Mid-America, Inc*., 45 F.3d 231, 237 (7th Cir. 1995) (quoting *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 89, (1936)). Put another way, plaintiffs must prove by "a preponderance of the evidence or 'proof to a reasonable probability' that jurisdiction exists." *Id*. at 237 (quoting *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir.1993)).

---

[1] The relevant portion of 35 U.S.C. §292 provides that "(a) Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public…Shall be fined not more than $500 for every such offense. (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."

[2] The Federal Circuit in held that "articles marked with expired patent numbers are falsely marked." *Pequignot v. Solo Cup Company,* 608 F.3d 1356, 1362-63 (Fed. Cir. 2010).

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Sprint Spectrum L.P. v. City of Carmel, Indiana,* 361 F.3d 998, 1001 (7th Cir. 2004). The complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-73, 167 L.Ed.2d 929 (2007).

**B.      Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Under 28 U.S.C. §1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Simonian has brought this *qui tam* action pursuant to the federal false patent marking law, 35 U.S.C. §292. Because this claim falls within the purview of laws of the United States, the court has original jurisdiction, leaving only the question of whether the plaintiff has sufficient standing to bring the claim.

Article III standing under the Constitution requires that: (1) the plaintiff must have suffered a concrete and particularized harm that is actual or imminent rather than conjectural or hypothetical; (2) there must be a fairly traceable causal connection between the injury and the defendant's conduct, and the injury may not be the result of a third party's independent action; and (3) it must be more likely than speculative that injury would be remedied by a favorable outcome. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (U.S. 1992).

3

Simonian has alleged that defendants falsely marked their products with expired patents and intentionally tried to "deceive the public" and quell competition. Simonian has not alleged that he was a competitor, an injured consumer of the product, or that he has any connection to the product or defendants at all. It is very clear that the complaint alleges no concrete or particularized harm to Simonian. There may not even be a traceable hypothetical injury to Simonian. Without any injury, Simonian has no Article III standing as a traditional plaintiff.

Simonian, however, brings this claim as a *qui tam* relator. "*Qui tam* is short for the Latin phrase *qui tam pro domino rege quam pro se ipso in hac parte sequitur,* which means 'who pursues this action on our Lord the King's behalf as well as his own.'" *Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765, 768 n.1 (2000). A *qui tam* relator brings a claim on behalf of the United States and his or herself. Usually, this "whistleblower" is entitled to a portion of the remedy awarded by the courts. "[A] federal *qui tam* statute in effect creates an assignment of the federal government's claim to the *qui tam* relator, so that the appropriate analysis of standing in a *qui tam* case focuses on whether there has been a cognizable injury to the government, not whether there has been a cognizable injury to the relator." *Rifkin v. Bear Stearns & Co., Inc.,* 248 F.3d 628, 633 (7th Cir. 2001) (citing to *Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S.765 (U.S. 2000).

In the instant case, Simonian relies on 35 USC §292(b), which provides that "[a]ny person may sue for the penalty [of false patent marking] in which event one-half shall go to the person suing and the other to the use of the United States[,]" to give him *qui tam* status. In *Pequignot v. Solo Cup Company,* 640 F. Supp.2d 714 (E.D. Va. 2009) (affirmed on other grounds, *Pequignot v. Solo Cup Company*, 608 F.3d 1356 (Fed. Cir. 2010), the court concluded

that §292(b) constitutes a real *qui tam* statute because it sufficiently defines an offense against the public, provides a penalty for that offense, allows an uninjured, private party to pursue civil action for such an offense, and gives a portion of the award to that party. *Pequignot,* 640 F. Supp.2d at 721. This court agrees with *Pequignot* that 35 USC §292(b) is a *qui tam* statute and thus allows "any person" to bring a claim.

The text of the 35 USC §292 explicitly empowers the general public to file suit against violators of the statute. The statute states that a fine of $500 or less may be sought for each violation, and one half of that award will be given to the claimant and the other to the United States government. 35 USC §292 contains no eligibility requirements for a *qui tam* relator, and is deliberately broad so as to allow "any person" who observes a violation to bring suit. Defendants rely on *Stauffer v. Brooks Brothers, Inc.* 615 F. Supp.2d 248, 250 (S.D. N.Y. 2009) to counter the broad reading of the statute. In *Stauffer* the plaintiff had brought a §292(b) *qui tam* action alleging that the defendant had falsely marked its bowties with expired patents. The court held that the plaintiff lacked Article III standing because he had not alleged any injury in fact to himself, to competition, or to the United States Economy. Finding insufficient standing, the court granted defendant's 12(b)(1) motion to dismiss. *Id.* at 255.

Stauffer has not been followed, however, in this or other courts.[3] It was specifically rejected, for example, in *Patent Compliance Group, Inc. v. Interdesign, Inc.* No. 10-CV-0404-P,

---

[3]After this opinion was prepared but prior to its issuance *United States ex rel. and FLFMC, LLC, v. WHAM-O, Inc.,* No. 10-CV-0435 (W.D. Pa. 2010) was issued, holding that, because §292(a) is quasi-criminal in nature, the United States cannot assign its "sovereign" standing to a plaintiff who has otherwise suffered no injury. As Justice Shadur noted in *Zojo*, however, the Federal Circuit implicitly rejected this argument in *Forest Group, Inc. v. Bon Tool Co.,* 590 F.3d 1295 (Fed. Cir. 2009).

slip op. (N.D. Tex. June 28, 2010), in which the court, in an almost identical set of facts, denied a motion to dismiss. In *Patent Compliance*, plaintiff bought a false patent marking *qui tam* action pursuant to 35 U.S.C. §292. Denying the defendant's Rule 12(b)(1) motion to dismiss, the court reasoned that the syntax of Title 35, along with prevailing case law, gives any plaintiff standing to bring a false patent marking claim devoid of injury or connection. The *Patent Compliance* court specifically rejected the *Stauffer* opinion, and adopted the broad interpretation of the statute. See also e.g. *Zojo Solutions, Inc. v. Stanley Works,* __ F. Supp.3d __, 2010 WL 1912650 (N.D. Ill. May 12, 2010) (finding standing); *Simonian v. Cisco Systems, Inc.,* 2010 WL 2523211 (N.D. Ill. June 17, 2010) (holding that a violation alone gives the United States and consequently the *qui tam* relator standing).

This court agrees with the *Patent Compliance* and rejects the reasoning in *Stauffer*. The text of §292 clearly gives standing to whomever witnesses or discovers a violation of the statute. The claimant need not be a competitor or consumer of the product, nor must he allege an injury to the United States economy to acquire standing. Nothing in the statute suggests that a narrower interpretation is warranted. This court acknowledges defendants' assertion that this type of broad allowance could breed civil bounty hunting. But the intent of such a statute is to allow private citizens to aid in policing this area of the law. The United States has rightfully delegated its authority to the public at large, and anyone can bring action against violators of §292. For the reasons mentioned herein, defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) is denied.

C.      **Motion to Dismiss for Failure to State a Claim**

To sufficiently allege a claim for false patent marking Simonian must first allege that defendants have "mark[ed] upon, or affixe[d] to, or use[d] in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented…; or [defendants have] mark[ed] upon, or affixe[d] to, or use[d] in advertising in connection with any article, the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending." 35 U.S.C. §292(a). Second, Simonian must allege that defendants' actions of marking, affixing, or advertising were performed with the intent to deceive the public.

In the instant case, Simonian has alleged that defendants have marked certain of its vacuum cleaners (including, but not limited to, the Oreck XL Classic Power Team vacuum cleaner) with the '902 Patent and the '315 Patent, both of which have expired. Simonian has attached pictures of at least one instance of the '902 Patent having been marked on defendants' product. Simonian alleges that this product was marked and marketed after the expiration of the affixed patent and thus is in violation of §292. According to the Federal Circuit in *Pequignot,* "articles marked with expired patent numbers are falsely marked." *Pequignot v. Solo Cup Company,* 608 F.3d 1356, 1362 (Fed. Cir. 2010).

Defendants argue that Simonian has not sufficiently alleged fraud under Fed. R. Civ. P. 9(b).[4] "In the Seventh Circuit, a plaintiff who provides a 'general outline of the fraud scheme' sufficient to 'reasonably notify the defendants of their purported role' in the fraud satisfies Rule

---

[4] The parties agree the Rule 9(b) applies to a complaint alleging false patent marketing.

7

9(b)." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 237 F.R.D. 173, 175 (N.D. Ill. 2006) (citing *Midwest Grinding Co., Inc. v. Spitz,* 976 F.2d 1016, 1020 (7th Cir.1992)). "Under Rule 9(b), a complaint's fraudulent scheme should include the 'who, what, when, where and how.'" *Judson,* 237 F.R.D. at 175 (citing *DiLeo v. Ernst & Young,* 901 F.2d 624, 626 (7th Cir.1990)). Defendants assert that Simonian has failed to allege the who, what, when, where and how to satisfy Rule 9(b). The court disagrees. Simonian has alleged that defendants (who) have deliberately and falsely marked (how), at least the Oreck XL Classic Power Team vacuum cleaner (what) with an expired patent, and have marketed and are currently marketing the falsely marked product(s) (when) throughout the Northern District of Illinois and the rest of the United States (where). Simonian has alleged the deceptive intent generally, which conforms to the requirements of Rule 9(b). For the above-mentioned reasons, the court rejects defendants' argument that the complaint is insufficient under Rule 9(b).

Having sufficiently pled that defendants have falsely marked a product with an expired patent, Simonian needs only to have sufficiently alleged defendants' deceptive intent. "[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." *Pequignot,* 608 F.3d at 1362-63. Simonian's complaint specifically states that the '902 Patent and the '315 Patent are expired and falsely marked on products, and that defendants had knowledge that these patents were expired and therefore the marks are false. By alleging that defendants had knowledge of their false marking and that the marks were false creates a rebuttable presumption of deceptive intent. Because defendants have sufficiently, albeit

8

generally, alleged deceptive intent and for the other reasons discussed herein, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

## **CONCLUSION**

For the above mentioned reasons and explanations defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) are denied. Defendants are directed to answer the complaint on or before September 13, 2010. The parties shall file a joint status report using the court's form by September 15, 2010. The status hearing set for August 25, 2010, is continued to September 22, 2010, at 9:00 a.m.

**ENTER:** **August 23, 2010**

_____
      **Robert W. Gettleman**
      **United States District Judge**